NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

J'SSAN STROVER, *Appellant*.

No. 1 CA-CR 23-0169

FILED 06-27-2024

Appeal from the Superior Court in Maricopa County
No. CR-2021-002340-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Zhivago Law, Phoenix
By Kerrie M. Droban Zhivago
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Anni Hill Foster joined.

---

**W E I N Z W E I G**, Judge:

¶1     J'ssan Carlos Strover appeals his convictions and sentences for burglary in the third degree, theft and three counts of trafficking stolen property in the first degree. After searching the record and finding no arguable, non-frivolous question of law, Strover's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Strover had the opportunity to file a supplemental brief but did not. We affirm Strover's convictions and sentences after reviewing the record.

## FACTUAL AND PROCEDURAL HISTORY

¶2     We view the facts in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Strover. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

¶3     Strover and an accomplice robbed a jewelry store in March 2020. They used a sledgehammer to open the display cases and absconded with $156,481 in jewelry, but left the sledgehammer behind and fled in a red BMW. Blood was found on one display case, which was later tested and had Strover's DNA. After the crime, police spotted the red BMW but Strover and the accomplice had already fled from the vehicle. Jewelry from the jewelry store was discovered in the car with the price tags still attached. During its investigation, police learned that Strover subsequently sold the jewelry to local pawn shops.

¶4     The jury convicted Strover of burglary in the third degree, theft and three counts of trafficking stolen property in the first degree. It also found aggravating factors of using a mask during the commission of the crime, the offense involved the taking of property whose value was sufficient to be an aggravating offense, the offense involved an accomplice, the victim suffered financial harm, and Strover committed the offense with the expectation of receipt of pecuniary value. The trial court sentenced Strover to a concurrent sentence of 20 years for the above-mentioned crimes

as a non-dangerous, repetitive offender. This sentence is consecutive to his prior conviction for murder. The court also credited Strover with 480 days presentence incarceration. The court granted restitution to the jewelry store in the amount of $36,583.59. Strover timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶5** We have read and considered counsel's brief and have reviewed the record for fundamental error. *See Leon*, 104 Ariz. at 300. We find none.

**¶6** Strover was present and represented by counsel at all critical stages of the proceedings against him. The record reflects that the superior court afforded Strover all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Strover's sentences are also within the range prescribed by law. We find no error on this record.

## CONCLUSION

**¶7** Strover's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Strover is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Strover has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.

